IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE RUSSELL #1010432 | § | |
| v. | § | CIVIL ACTION NO. 5:18cv55 |
| OFFICER RAGGS, ET AL. | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Steven Wayne Russell, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The lawsuit arose out of a case filed in the Beaumont Division of the Eastern District of Texas, styled as *Russell v. Raggs, et al.*, civil action no. 1:14cv10. On February 28, 2018, the Court received a motion for injunctive relief filed by Plaintiff concerning an incident which had occurred at the Telford Unit five days earlier. The motion for injunctive relief was severed into a separate lawsuit, the present one, and this lawsuit was transferred to the Texarkana Division.

This Court ordered Plaintiff to either pay the statutory filing fee or submit an application for leave to proceed *in forma pauperis* accompanied by a certified inmate trust account data sheet. Although Plaintiff indicates he has submitted a data sheet, none appears on the docket. No application form for leave to proceed *in forma pauperis* has been received.

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. The Magistrate Judge observed Russell had failed to obey an order of the Court in that he did not pay the filing fee or submit an application for leave to proceed *in forma*

1

*pauperis* which was accompanied by a data sheet. In addition, the Magistrate Judge stated the face of the pleadings made clear Russell had not exhausted his administrative remedies at the time he filed his motion for injunctive relief, which serves as the initial complaint in the lawsuit. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (*sua sponte* dismissals for failure to exhaust are proper where the failure to exhaust is readily apparent from the face of the complaint); *Conklin v. Randolph*, 553 F.App'x 457, 2014 U.S. App. LEXIS 2216, 2014 WL 457737 (5th Cir., February 5, 2014) (failure to exhaust was readily apparent on the face of the complaint when the lawsuit was filed five days after the incident forming the basis of the claim). Thus, the Magistrate Judge recommended dismissal of the lawsuit for failure to exhaust administrative remedies.

Plaintiff received a copy of the Magistrate Judge's Report on November 19, 2018, but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 25) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted, predicated upon his failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 23rd day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE